**Entered on Docket**
**November 14, 2005**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: November 10, 2005**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>QMECT, INC., etc.,<br>    Debtor-in-Possession.<br>_____/ | No. 04-41044 T<br>Chapter 11 |
| In re<br>FRED AND LINDA KOELLING,<br>    Debtors-in-Possession.<br>_____/ | No. 04-46443 T<br>Chapter 11 |
| QMECT, INC., etc.,<br>    Plaintiff,<br>  vs.<br>BURLINGAME CAPITAL PARTNERS II,<br>L.P., etc. et al.,<br>    Defendants.<br>_____/<br>AND RELATED ADVERSARY PROCEEDINGS<br>_____/ | A.P. No. 04-4190 AT<br>A.P. No. 04-4365 AT<br>A.P. No. 04-4366 AT<br>(Consolidated) |

**MEMORANDUM OF DECISION RE ADMISSIBILITY OF DOCUMENTS**

The Court directed the parties to file briefs addressing the admissibility of two documents: (1) the Comerica Bank Loan Interest and Principal Statement (the "Comerica Statement") and (2) the Qmect Trial Balance as of February 26, 2004 (the "Qmect Trial Balance"). Both parties filed briefs. Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC (collectively "Burlingame") filed an unauthorized reply brief. The above-captioned debtors-in-possession (the "Debtors") filed a motion to strike the reply brief, to which Burlingame responded. The Court has reviewed all of the filings and concludes as follows:

1. The motion to strike Burlingame's reply brief will be granted. The reply brief was not authorized and was not warranted by the circumstances without authorization.

2. The testimony of David Ferree was inadequate to establish a foundation for admissibility of the Comerica Statement as a business record. His testimony clearly indicated that he had no personal knowledge of how this document was prepared. The deficiency does not lie with the fact that he was not responsible for the account until just prior to the completion of the sale of the Qmect loans to Burlingame. The deficiency lies with the fact that the document was prepared and maintained in a different location and that he has no direct knowledge of the procedures followed by that office in preparing and maintaining the document. His designation by Comerica as a custodian of records does not cure that deficiency. However, the Court will admit the document

2

under FRE 807. Credible testimony was presented that this is a document upon which Comerica relied in connection with its own business operations. The Court concludes that this is a sufficient guaranty of its trustworthiness to justify its admission into evidence. The lack of any direct evidence of how the document was prepared will be taken into account in the weight to be accorded it.

    3. The Court also concludes that a sufficient foundation has not been established for admitting the Qmect Trial Balance into evidence as a business record. However, the Court will admit the Qmect Trial Balance into evidence as an admission subject to a motion to strike if later testimony establishes that its admission was improvident.

Good cause appearing therefor, it is

SO ORDERED.

END OF DOCUMENT

COURT SERVICE LIST

Paul E. Manasian
Manasian & Rougeau, LLP
400 Montgomery St., Ste. 1000
San Francisco, CA 94104

Robert R. Moore
Allen Matkins Leck Gamble & Mallory LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

Philip J. Nicholsen
Law Offices of Philip J. Nicholsen
221 Main St., #740
San Francisco, CA 94105