**Entered on Docket**
**August 15, 2006**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed: August 14, 2006**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| **In re**<br><br>**QMECT, INC.,**<br><br>    Debtor-in-Possession. | No. 04-41044-T<br>Chapter 11 |
| **In re**<br><br>**FRED AND LINDA KOELLING,**<br><br>    Debtors-in-Possession. | No. 04-46443 T<br>Chapter 11 |
| **QMECT, INC.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**BURLINGAME CAPITAL PARTNERS, II, L.P., et al.,**<br><br>    Defendants. | Adv. Pro. No. 04-4190 AT<br>Adv. Pro. No. 04-4365 AT<br>Adv. Pro. No. 04-4366 AT<br>  (Consolidated)<br><br><br>**JUDGMENT** |
| **AND RELATED ADVERSARY PROCEEDINGS** | |

**Allen Matkins Leck**
**Gamble & Mallory** LLP
*attorneys at law*
669532.07\SF

JUDGMENT

WHEREAS, the above-captioned adversary proceedings were tried to the Court on October 24, 25, 26, 27 and 28, 2005, December 7, 2005 and January 9, 10, 11, and 12, 2006, with closing argument on January 24, 2006;

WHEREAS, Burlingame Capital Partners II, L.P. ("Burlingame") and Electrochem Funding, LLC ("Burlingame Funding") were represented by Robert R. Moore, Michael J. Betz and William Huckins of Allen Matkins;

WHEREAS, Qmect, Inc. ("Qmect") was represented by Paul Manasian of Manasian & Rougeau, LLP;

WHEREAS, Fred Koelling and Linda Koelling (collectively, the "Koellings") were represented by Eric Nyberg and Chris Kuhner of Kornfield, Paul & Nyberg, P.C.;

WHEREAS, after considering the oral and documentary evidence presented, and the argument of counsel, the Court issued a Decision After Trial in Consolidated Proceedings dated February 8, 2006, which was filed on the docket herein on February 9, 2006;

WHEREAS, based upon the findings of fact and conclusions of law set forth in the Court's Decision After Trial in Consolidated Proceedings referenced above:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**A.    EQUITABLE SUBORDINATION ACTION**

1.    On Qmect's claim against Burlingame for Equitable Subordination, the Court grants judgment in favor of Burlingame.

2.    On Qmect's claim against Burlingame for Intentional Interference with Prospective Economic Advantage, the Court grants judgment in favor of Burlingame.

3.    On Qmect's claim against Burlingame for Breach of Contract, the Court grants judgment in favor of Burlingame.

4.    On Qmect's claim against Burlingame for Breach of the Covenant of Good Faith and Fair Dealing, the Court grants judgment in favor of Burlingame.

5.    On Qmect's objections to Burlingame and Burlingame Funding's proofs of claim, the Court overrules the objections and allows those claims as follows:

Allen Matkins Leck
Gamble & Mallory LLP
*attorneys at law*

a. Burlingame's proof of claim against Qmect's bankruptcy estate is allowed in the following amounts: (1) $2,000,000 in principal, (2) $1,043,635.01 in pre-petition interest, (3) $27,779.23 in late fees, and (4) $357,998.59 in costs of collection, for a total allowed claim of $3,429,412.83.

b. Burlingame Funding's proof of claim against Qmect's bankruptcy estate is allowed in the following amounts: (1) $187,500 in principal and $1,696.31 in pre-petition interest pursuant to the variable rate installment note, (2) $537,816.96 in principal and $5,052.51 in pre-petition interest pursuant to the note secured by a deed of trust, (3) $894,737.22 in principal and $8,948.32 in pre-petition interest pursuant to the amended and restated note secured by a deed of trust, and (4) $900,000 in principal and $7,850.60 in prepetition interest pursuant to the master revolving note, for a total allowed claim of $2,543,601.92.

**B.    BURLINGAME'S PROOF OF CLAIM AGAINST KOELLING ESTATE**

Burlingame's proof of claim against the Koellings' bankruptcy estate is allowed in the following amounts: (1) $2,000,000 in principal, (2) $1,455,180.55 in pre-petition interest, (3) $40,057.01 in late fees, and (4) $1,413.132.80 in costs of collection, for a total allowed claim of $4,908,370.36.

**C.    GUARANTY ACTION**

1.    Guaranty Complaint

a. On Burlingame Funding's claim against the Koellings for Breach of the Comerica Guaranties, the Court grants judgment in favor of the Koellings.

b. On Burlingame Funding's claim against the Koellings for Declaratory Relief, the Court declares that the Koellings are entitled to a release from the Comerica Guaranties pursuant to the June 14 Agreement.

2.    Koellings' Cross-Complaint

a. On the Koellings' first claim against Burlingame and Burlingame Funding for breach of contract, the Court grants judgment in favor of Burlingame and Burlingame Funding.

Allen Matkins Leck
Gamble & Mallory LLP
*attorneys at law*

b.     On the Koellings' second claim against Burlingame and Burlingame Funding for Breach of Contract (counts one and two), the Court grants judgment in favor of Burlingame and Burlingame Funding.

c.     On the Koellings' third claim against Burlingame and Burlingame Funding for Fraud, the Court grants judgment in favor of Burlingame and Burlingame Funding.

d.     On the Koellings' fourth claim against Burlingame and Burlingame Funding for Intentional Interference with Prospective Economic Advantage, the Court grants judgment in favor of Burlingame and Burlingame Funding.

e.     On the Koellings' claim against Burlingame for Declaratory Relief, the Court declares that (i) the June 14 Agreement is a valid and binding contract, (ii) the Koellings performed their obligations under the June 14 Agreement, including their obligations under the Good Faith Provision, (iii) Burlingame breached the Good Faith Provision of the June 14 Agreement, and (iv) the Koellings are entitled to a release from the Comerica Guaranties.

## D.     BREACH OF FIDUCIARY DUTY ACTION

1.     Koelling/Qmect Complaint

a.     On the claims of Qmect and the Koellings against Burlingame for Breach of Fiduciary Duty, the Court grants judgment in favor of Burlingame.

b.     On the claims of Qmect and the Koellings against Burlingame for Rescission, the Court grants judgment in favor of Burlingame.

c.     On the claims of Qmect and the Koellings against Burlingame for Unfair Business Practices, the Court grants judgment in favor of Burlingame.

d.     On the claims of Qmect and the Koellings against Burlingame for Breach of Contract, the Court grants judgment in favor of Burlingame.

e.     On the claim of Qmect and the Koellings against Burlingame for Declaratory Relief, the Court declares that the alleged conduct of Sierra Financial, Robert Judson and/or Janice Judson does not render the loans made by Burlingame to Qmect

Allen Matkins Leck
Gamble & Mallory LLP
*attorneys at law*

Case: 04-04190     Doc# 197     Filed: 08/14/06     Entered: 08/15/06 13:50:57     Page 4 of 7

JUDGMENT
-3-

invalid, illegal nor unenforceable. The Court further declares that Burlingame's rights with respect to such loans are not in any manner impaired or limited by the alleged conduct of Sierra Financial, Robert Judson and/or Janice Judson.

f. On the claim of Qmect and the Koellings against Burlingame for Injunctive Relief, the Court grants judgment in favor of Burlingame.

2. Burlingame Cross-Complaint

a. On Burlingame's claim against the Koellings for breach of Unconditional Guaranty, the Court finds and concludes that, by assigning the $1.5 Million Note to Kids Connection, the Koellings lost their right to the Carve Out set forth in paragraph 9 of the Burlingame Guaranty and the Koellings are unconditionally liable on the Burlingame Guaranty.

b. On Burlingame's claim against the Koellings for Tortious Interference with Contractual Relations, judgment is granted in favor of Burlingame, and damages are awarded in the amount of the additional interest accrued and costs of collection incurred from June 9, 2003 to November 16, 2004, to be determined by the Court following entry of judgment.

c. On Burlingame's claim against the Koellings for breach of Fiduciary Duty, the Court grants judgment in favor of the Koellings.

d. On Burlingame's claim against Qmect and the Koellings for Contractual/Implied Indemnity and Contribution, the Court grants judgment in favor of Qmect and the Koellings.

e. On Burlingame's claim against Qmect and the Koellings for Declaratory Relief, the Court declares that Burlingame lacks standing to assert a fraudulent conveyance claim related to the June 2003 stock issuance.

f. On Burlingame's claim against the Koellings for Breach of Subordination Agreement, the Court grants judgment in favor of the Koellings.

Case: 04-04190    Doc# 197    Filed: 08/14/06    Entered: 08/15/06 13:50:57    Page 5 of 7

**E.    MISCELLANEOUS**

1.    The determination of the prevailing parties shall be made in post-trial motions, if necessary.

2.    The Court reserves jurisdiction to take further actions consistent with this judgment.

** END OF ORDER**

Allen Matkins Leck
Gamble & Mallory LLP
*attorneys at law*

# COURT SERVICE LIST

Paul E Manasian, Esq.
MANASIAN & ROUGEAU
400 Montgomery Street, Suite 1000
San Francisco, CA  94104
Tel:  (415) 291-8425
Fax:  (415) 291-8426

Chris D. Kuhner, Esq.
Eric A. Nyberg, Esq.
Kornfield, Paul & Nyberg, P.C.
1999 Harrison St., Suite 2675
Oakland, CA 94612

Robert R. Moore, Esq.
William W. Huckins, Esq.
Allen Matkins Leck Gamble & Mallory, LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111

Vincent M. Coscino, Esq.
Michael S. Greger, Esq.
Allen Matkins Leck Gamble & Mallory LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321

Case: 04-04190    Doc# 197    Filed: 08/14/06    Entered: 08/15/06 13:50:57    Page 7 of 7