

Signed: November 16, 2006

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                          No. 04-41044 T
                                               Chapter 11
QMECT, INC., etc.,

         Debtor-in-Possession.
_____/

In re                                          No. 04-46443 T
                                               Chapter 11
FRED AND LINDA KOELLING,

         Debtors-in-Possession.
_____/

QMECT, INC., etc.,                             A.P. No. 04-4190 AT
                                               (Consolidated with
         Plaintiff,                             A.P. Nos. 04-4365 AT
                                                and 04-4366 AT)
     vs.

BURLINGAME CAPITAL PARTNERS II,
L.P., etc. et al.,

         Defendants.
_____/

AND RELATED ADVERSARY PROCEEDINGS
_____/
```

**MEMORANDUM AND ORDER DENYING MOTION FOR
POST-PETITION ATTORNEYS' FEES WITHOUT PREJUDICE**

Defendant Burlingame Capital Partners II, L.P. ("Burlingame") seeks an award of post-petition attorneys' fees and costs as part of its judgment in the above-captioned consolidated adversary proceedings. For the reasons stated below, the request will be denied without prejudice.

The above-captioned adversary proceedings were filed in two related chapter 11 cases--i.e., the case of Qmect, Inc. ("Qmect"), a corporation, and the case of Fred and Linda Koelling (the "Koellings"), shareholders of Qmect and guarantors of some of its obligations. In one of the adversary proceedings, Qmect sought to equitably subordinate Burlingame's claim and objected to the claims filed by Burlingame and its affiliate, Electrochem Funding, LLC ("Funding"). This proceeding was filed as an original matter in the bankruptcy court. The other two adversary proceedings were filed in state court initially, either by or against Qmect and/or the Koellings. Cross-complaints were filed in each proceeding. Both proceedings were removed to the bankruptcy court after Qmect's and the Koellings' chapter 11 cases were filed. The issues raised in these two proceedings were all governed by state law.

The Qmect case has since been converted to a case under chapter 7 of the Bankruptcy Code. Burlingame had previously obtained relief from the automatic stay and foreclosed on most, if not all, of its assets. Consequently, neither Burlingame nor Funding seek an award of attorneys' fees or costs against Qmect at this time. In addition,

the Court has determined that the Koellings have been released from their guaranty of Qmect's obligations to Funding. Thus, Funding is no longer seeking an award of attorneys' fees and costs from the Koellings either. The only relief sought at present is by Burlingame against the Koellings.

After the issues were narrowed by partial summary judgment, a trial was held, beginning in October 2005 and ending in January 2006. Burlingame prevailed on most, if not all, of the issues. The Court made a determination of the amounts owed to Burlingame by the Koellings, including pre-petition attorneys' fees and costs. The award did not include post-petition attorneys' fees and costs. Judgment was entered on August 14, 2006. The Koellings moved for reconsideration, but the motion was denied.

At about the same time, Burlingame filed a motion, seeking an award of its post-petition attorneys' fees and costs, to be included in its judgment in these proceedings. A hearing was conducted with respect to this motion on October 5, 2006. At the conclusion of the hearing, the Court took the motion under submission. The Court now concludes that the motion should be denied without prejudice.

**DISCUSSION**

Burlingame asserts a right to include its post-petition attorneys' fees and costs in its judgment against the Koellings based on its contracts with both Qmect and the Koellings and on Cal. Civ. Code § 1717.[1] Included among the fees that Burlingame seeks to

---

[1] Section 1717(a) of the California Civil Code provides that: "In any action on a contract, where the contract specifically

3

include in its judgment are fees incurred litigating issues peculiar to bankruptcy.  At present, the law in the Ninth Circuit is clear that an unsecured creditor is not entitled to include in its claim its post-petition attorneys' fees incurred litigating issues peculiar to bankruptcy.  An unsecured creditor is entitled to include in its claim its post-petition attorneys' fees for litigating issues governed by nonbankruptcy law provided the creditor has a right to recover its attorneys' fees based on contract or statute.  See In re Fobian, 951 F.2d 1149, 1159 (9th Cir. 1991).[2]

Burlingame contends that Fobian does not apply because it is not at present seeking to include its post-petition attorneys' fees in its unsecured claim against the bankruptcy estate.  It is merely seeking to include the fees in its judgment in these adversary proceedings.  Burlingame concedes that there is no present purpose

---

provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded...to the prevailing party, then the party who is determined to be the party prevailing on the contract...shall be entitled to reasonable attorney's fees in addition to other costs."  Cal. Civ. Code § 1717(a).

[2]The holding in Fobian seems inconsistent with 11 U.S.C. § 506(b).  If an unsecured creditor is entitled to include its post-petition attorneys' fees in its claim, what is the need for § 506(b)?  The Ninth Circuit seems to have answered this question by holding that a secured creditor is *also* entitled to include in its secured claim, to the extent of the value of its collateral, its post-petition attorneys' for litigating issues peculiar to bankruptcy law.  See In re Kord Enterprises II, 139 F.3d 684, 687 (9th Cir. 1998).  Coincidentally, the issue of whether an unsecured creditor is entitled to attorneys' fees for litigating issues peculiar to bankruptcy law is before the United States Supreme Court this term.  It is scheduled for oral argument in late January 2007.  See Travelers Cas. & Sur. Co. v. Pacific Gas and Electric, 167 Fed.Appx. 593 (9th Cir. 2006) (unpublished), cert. granted, 127 S.Ct. 377 (2006).

4

for this determination. However, it envisions that various contingencies might occur which would make such a determination useful. The Koellings argue that it would constitute an improper advisory opinion for the Court to make such a determination in the absence of a present need for it. The Court agrees.

The Koellings also contend that it would be unfair to make them undertake the work required to evaluate the reasonableness of the fee request under these circumstances. They also note that the form of the fee application is inadequate to permit them to do so in any event. The invoices have been heavily redacted and have not been segregated by task, and no narrative has been provided. Again, the Court agrees.

Burlingame contends that it has supplied more than is required already. It argues that all that is required to support a fee request is a simple declaration that the fees have been incurred. The Court has no doubt that, in some other case, some court has found a simple declaration to be sufficient for its purposes. In this case, however, given the multiplicity of the litigated matters and a fee request of over $1 million, the Court would not find a declaration sufficient nor does it find what Burlingame has submitted to date sufficient.

Burlingame's right to attorneys' fees is not governed by 11 U.S.C. § 330. Therefore, its fee application need not comply with the rigorous format requirements of the Court's fee guidelines for trustees and Court appointed professionals. Nevertheless, the fee application must have sufficient specificity to permit the Court to

5

determine the reasonableness of the fees. In particular, given the Court's conclusion that Burlingame may not obtain an award of attorneys' fees for litigating issues specific to bankruptcy law, clearly, the work performed and fees requested must be segregated by task.

For that reason, the Court will deny Burlingame's motion without prejudice. Burlingame may file and notice for hearing an amended motion for fees. The amended motion must contain a narrative describing the various tasks performed for which fees are requested with a summary of the hours and fees related to each task. The tasks must be fairly narrowly defined. For example, the Court would not find it adequate if the amended fee application contained only two tasks: e.g., one for issues governed by state law and the other for issues governed by bankruptcy law.

The invoices must be revised to segregate the description of the work performed by task so that the line items related to each task appear consecutively. This may be done invoice by invoice or for the case as a whole. The tasks identified on the invoices should correspond to the tasks identified in the narrative as should the hours and fees.

Given the ongoing litigation between the parties, the Court will permit Burlingame to limit the copies of the invoices served on the Koellings to redacted copies. However, unredacted copies must be provided to the Court. The narrative must be served on the Koellings.

6

Based on the foregoing, it is

SO ORDERED.

END OF DOCUMENT

7

```
 1                                COURT SERVICE LIST
    Paul E. Manasian
 2  Manasian & Rougeau, LLP
    400 Montgomery St., Ste. 1000
 3  San Francisco, CA 94104

 4
    Tobias S. Keller
 5  Pachulski, Stang, Ziehl, Young,
      Jones & Weintraub P.C.
 6  Three Embarcadero Center, Ste. 1020
    San Francisco, CA 94111-4023
 7
    Robert R. Moore
 8  Allen Matkins Leck Gamble & Mallory LLP
    Three Embarcadero Center, 12th Floor
 9  San Francisco, CA 94111

10  Philip J. Nicholsen
    Law Offices of Philip J. Nicholsen
11  221 Main St., #740
    San Francisco, CA 94105

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                                          8
```