ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
MARLENE M. MOFFITT (BAR NO. 223658)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515
Facsimile: (415) 837-1516

Attorneys for Defendant Burlingame Capital Partners II, L.P.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>QMECT, INC.,<br><br>Debtor. | Case No. 04-41044-LT<br><br>Chapter 7 |
| In re<br><br>FRED AND LINDA ANN KOELLING,<br><br>Debtor. | Case No. 04-46443LT<br>Chapter 11 |
| QMECT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BURLINGAME CAPITAL PARTNERS II, L.P.; ELECTROCHEM FUNDING, LLC,<br><br>Defendants. | Adv. No. 04-4190<br>(Consol. with Adv Proc. Nos. 04-4365 and 04-4366)<br><br>**BURLINGAME CAPITAL PARTNERS II, L.P.'S REPLY TO FRED AND LINDA KOELLING'S OPPOSITION TO AMENDED MOTION FOR RECOVERY OF ATTORNEYS' FEES AND COSTS**<br><br>Date: March 8, 2007<br>Time: 2:00 p.m.<br>Ctrm: 201<br>Judge: Hon. Leslie Tchaikovsky |
| AND RELATED ADVERSARY PROCEEDINGS. | |



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 1 of 14

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 3

A. The Amended Motion Excluded Fees for Issues Peculiar to Federal Bankruptcy Law, and as the Prevailing Party in this Litigation Governed by Nonbankruptcy Law, Burlingame Is Entitled to Recover Its Attorneys' Fees .......... 3

B. Burlingame's Amended Motion Does Not Seek an Advisory Opinion .......... 5

C. The Fees and Costs Requested in Burlingame's Amended Motion Are Reasonable and Should Be Awarded .......... 6

1. The Debtor and the Committee Undertook Discovery Jointly and thus the Fees Incurred in Connection with Such Discovery Are Recoverable .......... 6

2. The Time Entries Amply Describe the Attorneys' Fees Incurred .......... 7

3. Fees and Costs for Expert Witness Testimony Are Properly Included and Recoverable .......... 8

4. Fees Incurred In Connection with the Admission of Evidence Are Properly Included and Recoverable .......... 9

III. CONCLUSION .......... 10





Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 2 of 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boeing North American, Inc. v. Ybarra (In re Ybarra),*
424 F.3d 1018 (9th Cir. 2005) .......... 5, 6

*Christison v. Norm Ross Co. (In re Eastview Estates II),*
713 F.2d 443 (9th Cir. 1983) .......... 4

*Fisher v. SJB-P.D. Inc.*
214 F.3d 1115 (9th Cir. 2000) .......... 8

*Fobian v. Western Farm Credit Bank (In re Fobian),*
951 F.2d 1149 (9th Cir. 1991) .......... 3, 4, 6

*Ford v. Baroff (In re Baroff),*
105 F.3d 439 (9th Cir. 1997) .......... 4, 6

*Hensley v. Eckhart,*
461 U.S. 424 (1983) .......... 8, 10

*In re Hassen Imports Partnership,*
256 B.R. 916 (9th Cir. B.A.P. 2000) .......... 5

*Renfrew v. Draper,*
232 F.3d 688 (9th Cir. 2000) .......... 4

*Siegel v. Federal Home Loan Mortgage Corp.,*
143 F.3d 525 (9th Cir. 1998) .......... 5, 6

*Stokus v. Marsh,*
217 Cal.App.3d 647 (1990) .......... 10

*Thayer v. Wells Fargo Bank,*
92 Cal.App.4th 819 (2001) .......... 9

*Thrifty Oil Co. v. Bank of America N.T. & S.A.,*
322 F.3d 1039 (9th Cir. 2003) .......... 4

*Travelers Cas. & Sur. Co. v. Pacific Gas & Electric Co.*
167 Fed.Appx. 593 (9th Cir. 2006)(unpublished), *cert. granted,* 127 S.Ct. 377 (2006) .......... 2

**Statutes**

Bankruptcy Code section 502 .......... 4

Bankruptcy Code section 506(b) .......... 3

Bankruptcy Code section 510 .......... 4

Bankruptcy Code section 727 .......... 6



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 3 of 14

## I. INTRODUCTION

Burlingame Capital Partners II, L.P. ("Burlingame") files this reply to the Opposition of Fred and Linda Koelling (the "Koellings") to Burlingame's Amended Motion for Recovery of Attorneys' Fees and Costs ("Amended Motion").

There is no dispute that Burlingame was the prevailing party in this consolidated adversary proceeding. Likewise, there is also no dispute that Burlingame's loan documents provide that Burlingame is entitled to recover its reasonable attorneys' fees and expenses incurred in connection with enforcing the loan documents. Furthermore, there is no dispute that an unsecured creditor is entitled to an award of its post-petition attorneys' fees in litigating issues governed by nonbankruptcy law, where, as here, the party is entitled to recover its fees based on contract (i.e., the loan documents) and statute (i.e., California Civil Code § 1717).

In accordance with the Court's Memorandum and Order Denying Motion for Post-Petition Attorneys' Fees Without Prejudice ("Memorandum and Order"), the Amended Motion limited Burlingame's request for attorneys' fees to fees in litigating this consolidated adversary proceeding where the issues were governed by nonbankruptcy law (and then further reducing it by 43% to account for Electrochem Funding, LLC's estimated share). Burlingame carefully excluded from the request attorneys' fees in litigating bankruptcy issues (e.g., relief from stay proceedings, cash collateral issues, motions to appoint a trustee, motions to dismiss, etc.). Under applicable law, Burlingame is entitled to recover the fees sought in the Amended Motion.

The Koellings' arguments to the contrary lack merit. The Amended Motion is not based on Bankruptcy Code Section 506(b). The fees sought by Burlingame in the Amended Motion were not incurred in litigating Federal bankruptcy law issues, nor were these consolidated lawsuits "purely bankruptcy related proceedings," as the Koellings' attempt to argue. The proper focus is not by reference to a Bankruptcy Code section, but whether the issues litigated were governed by nonbankruptcy law. Here, the issues in this consolidated adversary proceeding were plainly governed by nonbankruptcy law.

Likewise, the Amended Motion does not seek an advisory opinion. Unlike Burlingame's original motion, the Amended Motion seeks an award and allowance of Burlingame's fees solely


Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 4 of 14

in this litigation governed by nonbankruptcy law. The Amended Motion does not involve issues of whether the Koellings may be entitled to a discharge, whether they "returned to the fray" in this litigation, or whether their estate is solvent – "contingencies" which the Court found prevented it making an advisory ruling in connection with Burlingame's original motion.

Last, the Koellings' argument that Burlingame's fees are not reasonable is untenable. The Creditors' Committee undertook discovery jointly and on behalf of QMECT, which in turn jointly prosecuted the claims in this consolidated adversary proceeding with the Koellings. The Koellings do not dispute this. As such, Burlingame's fees involving discovery with the Committee are recoverable. Similarly, Burlingame's time entries are not vague. Likewise, the Koellings' attempts to disallow Burlingame's fees related to the expert testimony of Steve Cowan inappropriately focuses on an outcome of one small piece of the litigation; what matters in a reasonableness evaluation is the costs in obtaining the successful result. Finally, the Koellings' argument that its obstructionist tactics (and those of QMECT) at trial on foundational evidentiary matters for which there was no dispute is simply egregious. Having chosen to litigate with "no holds barred" when the issues were not genuinely disputable, the Koellings cannot now complain they are responsible for the resulting attorneys' fees incurred by Burlingame.[1]

Accordingly, Burlingame's Amended Motion should be granted. and Burlingame should be awarded $488,966.78 in fees and $44,524.06 in costs against the Koellings.

---

[1] Burlingame will not dignify with a lengthy response the Koellings' comments that the reduction in fees sought in the Amended Motion undermines Burlingame's credibility or that it somehow resulted from the alleged deficiencies pointed out by the Koellings or the "light [] forced to shine on the Burlingame fee application." The reduction in fees (from $1.7 million, not $3 million) resulted from the Court's guidance in the Memorandum and Order, and the reservation of rights with respect to issues not yet before this Court (i.e., the Koellings discharge, solvency of their estate and whether they returned to the fray) and issues pending before the Supreme Court (i.e, *Travelers Cas. & Sur. Co. v. Pacific Gas & Electric Co.* 167 Fed.Appx. 593 (9th Cir. 2006)(unpublished), *cert. granted*, 127 S.Ct. 377 (2006) in which the Court will decided a split in the Circuits as to a party's right to recover its attorneys' fees and costs in litigating federal bankruptcy issues). Furthermore, the court did not rule on the substance of Burlingame's arguments, finding they were not ripe. Moreover, based on the reports following oral argument before the Supreme Court, the limits on recovery in *Fobian* may very well be reversed when the opinion in *Travelers* is announced.



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 5 of 14

## II. ARGUMENT

### A. The Amended Motion Excluded Fees for Issues Peculiar to Federal Bankruptcy Law, and as the Prevailing Party in this Litigation Governed by Nonbankruptcy Law, Burlingame Is Entitled to Recover Its Attorneys' Fees

The Koellings attempt to make two arguments for denial of the attorneys' fees sought by Burlingame in the Amended Motion: (1) Burlingame is an undersecured creditor, and thus is not entitled to recovery of post-petition attorneys' fees under Bankruptcy Code section 506(b); and (2) *Fobian v. Western Farm Credit Bank (In re Fobian),* 951 F.2d 1149, 1153 (9th Cir. 1991), does not apply because the fees sought in the Amended Motion related to litigation involving issues of Federal bankruptcy law. The Koellings' are wrong on both arguments.

First, the Amended Motion is not based on the Section 506(b).[2] No where does the Amended Motion mention Section 506(b). The Amended Motion is based on *In re Fobian*, as outlined by the Court's Memorandum and Order, and other related and applicable 9th Circuit authority.

Second, contrary to the Koellings' argument, the Amended Motion does not seek recovery of attorneys' fees related to litigating Federal bankruptcy law issues. Burlingame went to painstaking efforts in the Amended Motion (and supporting schedules setting forth the time entries for the requested fees) to carefully segregate its attorneys' fees in litigating bankruptcy issues from its attorneys' fees in litigating issues governed by nonbankruptcy law, as directed by the Court's Memorandum and Order. As set forth in the Amended Motion, after segregating the attorneys' fees, Burlingame only included attorneys' fees for litigating issues in this consolidated adversary proceeding governed by nonbankruptcy law.

In an attempt to overcome this careful segregation, the Koellings argue that *Fobian* does not apply because this ***entire*** litigation (and the related fees) involved a claim objection proceeding and equitable subordination action.[3] The Koellings are wrong. A review of the causes of action in

---

[2] While the Amended Motion is not based on Section 506(b), Burlingame reserves its rights to pursue recovery under that Section in the future, if appropriate.

[3] The Koellings concede, as set forth in the Court's Memorandum and Order, that under *Fobian*, an unsecured creditor prevailing in litigating issues governed by nonbankruptcy law is entitled to an award and allowance of its post-petition attorneys' fees, where the creditor has a right to recover such fees by contract or statute. *In re Fobian*, 951 F.2d at 1153; *Ford v. Baroff (In re*



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 6 of 14

the three complaints, the Decision After Trial in Consolidated Proceedings, and the Judgment in this consolidated adversary proceeding establish that the issues litigated and decided arose out of Burlingame's efforts to enforce its loan documents and the Koellings attempts to defeat such enforcement, the disposition of which were governed by nonbankruptcy law (e.g., claims for breach of contract, breach of guaranty, intentional interference, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, declaratory relief, rescission, unfair business practices). *See Baroff*, 105 F.3d at 442-43 (awarding attorneys' fees where issue of enforceability of settlement agreement containing the attorneys' fees provision governed by California law).

Furthermore, the Koellings' attempt to characterize this consolidated adversary proceeding as involving purely bankruptcy issues by describing it as a claim objection proceeding and equitable subordination action (presumably in an attempt to shoehorn the entire case into Bankruptcy Code sections 502 and 510), misstates the law and the proceedings. As set forth in *Fobian* and *Baroff*, the focus is whether the issues litigated were governed by nonbankruptcy law, not by reference to a Bankruptcy Code section. *See Baroff*, 105 F.3d 439 (awarding attorneys' fees in nondischargeability action under Section 523 following summary judgment applying California law to determine the enforceability of a settlement agreement); *Christison v. Norm Ross Co. (In re Eastview Estates II)*, 713 F.2d 443 (9th Cir. 1983)(debtor estates entitled to attorneys' fees in sustaining objection to brokers' proofs of claim where allowability of the brokers' claims turned on whether the brokers' commission agreements were enforceable against the debtors under California law); *Thrifty Oil Co. v. Bank of America N.T. & S.A.*, 322 F.3d 1039, 1041 (9th Cir. 2003)(holding that bank's successful defense of Debtor's claim objection under California's Bucket Shop law entitled bank to award of attorneys' fees); *Renfrew v. Draper*, 232 F.3d 688, 696 (9th Cir. 2000)(party "entitled to attorneys' fees incurred in meeting its burden of demonstrating the validity of the debt under state law and the amount that is owing" in nondischargeability action under Section 523(a)(15), but not fees incurred related to issues concerning debtor's ability to meet his obligations under divorce decree and balancing of benefits versus burdens because those issues are purely federal); *cf In re Fobian*, 951 F.2d at 1149 (denying fees to undersecured creditor in

---

*Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997).



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 7 of 14

objecting to confirmation of proposed Chapter 12 plan). As discussed above, this consolidated adversary proceeding involved Burlingame's efforts to enforce its loan documents and the Koellings attempts to defeat such enforcement, the outcome of which was governed by nonbankruptcy law, not Federal bankruptcy law.

The Koellings' citation to *In re Hassen Imports Partnership*, 256 B.R. 916 (9th Cir. B.A.P. 2000) is inapposite and further highlights the distinction. In *Hassen*, the disputes giving rise to the Debtor's claim for attorneys fees involved plan confirmation and relief from stay disputes, federal bankruptcy issues. *Id.* at 922-23. The fight over confirmation there was not on the promissory note, but over the plan. *Id.* Here, as discussed above, Burlingame has excluded from the Amended Motion any request for attorneys' fees related to litigating relief from stay or other Federal bankruptcy issues (e.g., cash collateral, appointment of a trustee, etc.).

Likewise, the Koellings' passing reference to "returning to another forum" (presumably alluding to *Boeing North American, Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018 (9th Cir. 2005) and *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998)) is not an issue in the Amended Motion. Burlingame has reserved those issues for later determination, which are not before the Court in the Amended Motion.

In short, as the prevailing party in this consolidated adversary proceeding, the outcome of which was governed by nonbankruptcy law, Burlingame is entitled recover its attorneys' fees in connection therewith. The Amended Motion is not based on Section 506(b) and it excludes attorneys' fees related to issues peculiar to Federal bankruptcy law.

### B. Burlingame's Amended Motion Does Not Seek an Advisory Opinion

The Koellings argue that Burlingame's Amended Motion improperly seeks an advisory opinion, quoting a passage from the Court's Memorandum and Order. While the Koellings' accurately quote the passage, it no longer has any application to the Amended Motion. As the quoted passage alluded, Burlingame's original motion sought an ***award*** of the full amount its attorneys' fees (i.e., including fees incurred in litigating issues peculiar to bankruptcy) as the prevailing party in the litigation – ***as an initial step***, but not ***allowance*** of such fees as part of its undersecured claim against the Koellings' bankruptcy estate. The original motion sought the



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 8 of 14

***award*** in the event that, for example, the Koellings were denied a discharge Bankruptcy Code section 727, the Koellings were found to have "returned to the fray" in pursuing the litigation (under *In re Ybarra*, 424 F.3d 1018 and *Siegel*, 143 F.3d 525), or the Koellings' estate was found to be solvent, while reserving the issue of ***allowance*** for later determination. It was these "contingencies" that the Court found provided an insufficient basis to award, but not allow, the attorneys' fees sought in the original motion.

Unlike the original motion, the Amended Motion ***does not seek fees incurred in litigating federal bankruptcy law issues***. Furthermore, unlike the original motion, the Amended Motion ***does seek not simply seek an award, but also allowance*** of Burlingame's attorneys' fees incurred in this litigation where State law governed the substantive issues. *See In re Fobian*, 951 F.2d at 1153; *In re Baroff*, 105 F.3d at 441. As such, the Amended Motion does not seek an advisory opinion, and Burlingame should be awarded its fees incurred in the litigation.

### C. The Fees and Costs Requested in Burlingame's Amended Motion Are Reasonable and Should Be Awarded

The Koellings argue that certain of the fees and costs sought by Burlingame in the Amended Motion are not reasonable and should be disallowed. The Koellings identify four categories of items: (1) discovery propounded by the Creditors' Committee; (2) allegedly vague time entries; (3) fees and costs related to Steve Cowan; and (4) allegedly unnecessary fees. None of the Koellings reasonableness arguments have merit.

#### 1. The Debtor and the Committee Undertook Discovery Jointly and thus the Fees Incurred in Connection with Such Discovery Are Recoverable

The Koellings argue that $72,043.80 in fees incurred by Burlingame should not be allowed because they relate to "work done by Burlingame in defending claims by the Unsecured Creditors Committee's [sic] in the QMECT bankruptcy case. The Koellings are wrong.

First, several of the items identified in the Kuhner Declaration do not relate to the Committee, and instead, involve discovery with QMECT, with whom the Koellings jointly prosecuted the consolidated adversary proceeding, or with the Koellings themselves (*see, e.g.*,



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 9 of 14

RMN entries on 1/18/05, 2/11/05; MJB entries on 1/28/05, 10/13/05; TSK on 2/15/05, 2/17/05; and TST entry on 5/19/05).

Second and more importantly, as set forth in the Amended Motion (*see* Amended Motion at p. 8), Burlingame included Committee related discovery fees (including fees related to discovery motions) because the Committee undertook discovery jointly with QMECT (*see* RJN ¶¶ 8-10), a point which the Koellings do not, and indeed cannot, dispute. Furthermore, there is likewise no dispute that QMECT and the Koellings jointly prosecuted the consolidated adversary proceeding. As such, the Committee related discovery costs, done by the Committee "hand in glove" with QMECT, are properly included as an item of recoverable cost.[4] Notably, the Koellings do not dispute that QMECT related discovery costs in this litigation are recoverable by Burlingame, and because the Committee undertook discovery on behalf of QMECT, there can likewise be no dispute that Committee related discovery costs are recoverable by Burlingame.

Accordingly, there is no basis to deny Burlingame $71,856.30 in fees (i.e., the $72,043.80 - $187.50), as the Koellings attempt to argue.

**2. The Time Entries Amply Describe the Attorneys' Fees Incurred**

The Koellings argue that $30,401.50 in fees incurred by Burlingame should not be allowed because the time entries are vague. This argument has no merit.

First, Burlingame disputes that the time entries identified in the Kuhner declaration are vague.

Second, the individual time entries must be read in context with the other time entries during the particular time period (e.g., time entries by one attorney can be read in context with the time entries of another attorney working on the same matter on or about the same day to clarify the activities performed). Moreover, the individual time entries need not describe the services undertaken for every minute with particularity in any event. *See Hensley v. Eckhart*, 461 U.S. 424

---

[4] In re-reviewing the time entries, counsel for Burlingame did note the inclusion of a partial entry on December 3, 2005 related to a review of an outline of a motion for summary judgment on the Committee's adversary complaint. As such, Burlingame reduces its fee request for this item by $187.50, representing one-half of the time entry.





Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 10 of 14

(1983), 437 n. 12 ("counsel, of course, is not required to record in great detail how each minute of his time was expended"); *see also Fisher v. SJB-P.D. Inc*. 214 F.3d 1115, 1121 (9th Cir. 2000).[5]

Third, as the Court's Memorandum and Order stated, Burlingame "need not comply with the rigorous format requirements of the Court's fee guidelines for trustees and Court appointed professionals. *See also Fisher*, 214 F.3d at 1121 (basic requirements of a fee application satisfied by summary of time spent on broad categories of tasks).

Fourth, the descriptions for certain time entries were deliberately circumscribed to preserve the substance of attorney-client communications and confidential attorney work product. Plainly, as set forth in the Court's Memorandum and Order, in light of the ongoing litigation between the parties, the Koellings are not permitted to invade privileged communications and work product as part of the fee request.

In light of the foregoing, there is no basis to deny Burlingame $30,401.50 in fees, as the Koellings attempt to argue.

### 3. Fees and Costs for Expert Witness Testimony Are Properly Included and Recoverable

The Koellings next argue that $26,219.25 in fees and $18,900 in costs incurred by Burlingame should not be allowed because Steve Cowan was not permitted to testify at trial. This argument has no merit.

First, as with the other categories identified above, several of the time entries identified in the Kuhner Declaration are unrelated to Steve Cowan, and certainly do not relate to Steve Cowan exclusively (*e.g.*, RRM time entries on 10/24/05, 11/14/05; MJB time entries on 10/25/05, 11/9/05, 11/10/05; MMM time entries on 10/25/05, 1/5/06; MDW time entries on 11/28/05, 11/29/05, 11/30/05, 1/3/06, 1/4/06, 1/5/06).

More importantly, the proper focus is on the fees reasonably expended by Burlingame, as the prevailing party, in obtaining its successful result. *See Hensley*, 463 U.S. at 435 ("Litigants in

---

[5] If the Court were to find that certain time entries are impermissibly vague, Burlingame should be allowed to attempt to reconstruct the activities for the particular time period in question by reference to notes, communications, discovery and pleadings at the time, rather than denying the fees outright. *See Fisher*, 214 F.3d at 1114.



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 11 of 14

good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."); *Thayer v. Wells Fargo Bank*, 92 Cal.App.4th 819, 839 (2001)("Every lawyer, indeed every judge, has pursued blind alleys that initially seemed reasonable or even professionally obligatory. To reward only the pursuit of a successful theory in cases such as this undercompensates the inevitable exploratory phases of litigation, and may also invite overly conservative tactics or even prohibit some high-risk but deserving actions entirely.”). Burlingame's success in pursuing and achieving the ultimate result (i.e., as the Court observed "Burlingame prevailed on most, if not all, of the issues"), not individual outcomes at piecemeal stages of the litigation, is determinative of the "reasonableness" of the requested fees and costs.

As such, there is no basis to deny Burlingame $26,219.25 in fees and $18,900 in costs, as the Koellings attempt to argue.

**4. Fees Incurred In Connection with the Admission of Evidence Are Properly Included and Recoverable**

The Koellings last argue that $16,642.50 in fees incurred by Burlingame should not be allowed because "most of this time was spent by Burlingame in its effort to submit evidence . . . through a witness who did not have personal knowledge of the underlying facts." This argument, presumably referring to the trial testimony of David Ferree, a Comerica Bank Vice President, is patently frivolous.

First, the Koellings misstate the record by arguing that if Burlingame subpoenaed the correct witness it would have limited the testimony and issues to a one to two hour process rather than a multi-day hearing. Mr. Ferree only testified on the afternoon of October 25, 2005. Furthermore, not only did Burlingame subpoena Mr. Ferree, but it also subpoenaed the Comerica most knowledgeable person/custodian of records regarding loan history statement. As the Court noted in its Memorandum of Decision re Admissibility of Documents, the issue of foundation for the Comerica business record resulted from Comerica attempting to designate Mr. Ferree as the custodian of records. Moreover, as counsel for Burlingame argued, which the Court found unnecessary, if admissibility of the Comerica statement had remained an issue, Burlingame was prepared to present another Comerica witness to provide the necessary foundation.


Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 12 of 14

Second, the Koellings' argument is particularly egregious because Burlingame requested the Koellings and QMECT to stipulate to foundation on several documents and issues – which were undisputed and frankly undisputable, but the Koellings and QMECT refused. As demonstrated at trial, the information in the Comerica loan history statement agreed to QMECT's books and records. The Court admitted QMECT's trial balance as an admission against QMECT and the Koellings, which confirmed the Comerica information as well as the amounts claimed by the Secured Lenders. Moreover, after refusing to stipulate to foundation and repeatedly objecting to the admissibility of the evidence, the Koellings and QMECT never presented ***any evidence*** at trial that the amounts set forth in the Comerica statement and claimed by the Secured Lenders were in any way inaccurate. Plainly, the Koellings and QMECT's frivolous and obstructionist tactics at trial are no basis to deny Burlingame its attorneys fees.[6] In fact, having taken the posture they took during litigation and at trial, the Koellings cannot now complain about the fees incurred by Burlingame. *Stokus v. Marsh*, 217 Cal.App.3d 647, 656-57 (1990)(a party that "litigate[s] with no holds barred in cases… in which the prevailing party is entitled to a fee award . . . assume[s] the risk they will have to reimburse the excessive expenses they force upon their adversaries").

Third, even if Burlingame had lost on the admissibility of the Comerica statement – which it did not, it still provide no basis to deny Burlingame's request for fees. As set forth above, the proper focus is on Burlingame's success in achieving the ultimate result – prevailing at trial, not on the skirmishes along the way. *See Hensley*, 463 U.S. at 435.

Accordingly, there is no basis to deny Burlingame $16,642.50 in fees, as the Koellings attempt to argue.

## III. CONCLUSION

Based on the foregoing, Burlingame's request for an award and allowance of post-petition attorneys' fees and costs against the Koellings in the sums of $488,966.78 (reduced for the

---

[6] Indeed, in light of the evidence adduced at trial by Burlingame, and the absence of ***any*** contrary evidence from the Koellings or QMECT, the Koellings and QMECT were appropriately subject to sanctions under Rule 9011 for making frivolous arguments, unsupported by any facts or law, for the purpose of harassment, unnecessary delay and needless increase in the cost of litigation.



Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 13 of 14

$187.50 discussed previously) and $44,524.06 respectively, should be granted.

Dated: March 1, 2007

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ William H. Huckins*
WILLIAM H. HUCKINS
Attorneys for Burlingame Capital Partners II, L.P.





Case: 04-04190 Doc# 247 Filed: 03/01/07 Entered: 03/01/07 16:50:22 Page 14 of 14