

**Signed: May 17, 2007**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 04-41044 T |
| | Chapter 11 |
| QMECT, INC., etc., | |
|      Debtor-in-Possession. | |
| _____/ | |
| In re | No. 04-46443 T |
| | Chapter 11 |
| FRED AND LINDA KOELLING, | |
|      Debtors-in-Possession. | |
| _____/ | |
| QMECT, INC., etc., | A.P. No. 04-4190 AT |
| | (Consolidated with |
|      Plaintiff, | A.P. Nos. 04-4365 AT |
| | and 04-4366 AT) |
|    vs. | |
| BURLINGAME CAPITAL PARTNERS II, | |
| L.P., etc. et al., | |
|      Defendants. | |
| _____/ | |
| AND RELATED ADVERSARY PROCEEDINGS | |
| _____/ | |

## MEMORANDUM OF DECISION RE MOTION FOR
## POST-PETITION ATTORNEYS' FEES

Defendant Burlingame Capital Partners II, L.P. ("Burlingame") seeks an award of post-petition attorneys' fees pursuant to its various contracts with the above-captioned debtors as part of its undersecured claim against Qmect, Inc. ("Qmect") and its general, unsecured claim against Fred and Linda Koelling (the "Koellings")(referred to hereinafter collectively as its "unsecured claim"). For the reasons stated below, the Court concludes that Burlingame is entitled to include its reasonable post-petition attorneys' fees in its unsecured claim against these debtors. A determination of a specific amount of those fees must await the submission of a more detailed description of the work done litigating issues peculiar to bankruptcy law.

**A. PROCEDURAL BACKGROUND**

On or about August 29, 2006, Burlingame sought an award of post-petition attorneys' fees and costs as part of its judgment in the above-captioned consolidated adversary proceedings. After the motion was fully briefed and a hearing conducted, the Court took the motion under submission. On October 16, 2006, the Court issued its decision denying the motion without prejudice.

In its decision, the Court observed that, at that time, the controlling law in the Ninth Circuit was represented by In re Fobian, 951 F.2d 1149 (9th Cir. 1991). The Fobian court held that attorneys' fees were not recoverable for litigating issues peculiar to bankruptcy law. Fobian, 951 F.2d at 1153. The Court observed that

2

the motion was insufficiently specific to permit the Court to determine what portion of the fees were requested for litigating issues peculiar to bankruptcy law. It also observed that the issue presented in <u>Fobian</u> was currently before the United States Supreme Court in <u>Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.</u>, 167 Fed.Appx. 593 (9th Cir.)(unpublished), <u>cert.</u> <u>granted</u>, 127 S.Ct. 377 (2006). The Court directed Burlingame to resubmit its motion after segregating the time spent on bankruptcy issues from that spent on nonbankruptcy issues.

On February 8, 2007, Burlingame filed an amended motion for attorneys' fees, complying with this instruction. The motion was heard on March 8, 2007 and was again taken under submission. On March 20, 2007, the Supreme Court issued its decision in <u>Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.</u>, 127 S.Ct. 1199 (2007). The <u>Travelers</u> court expressly overruled <u>Fobian</u>. It noted that the only reason given by the lower courts for disallowing the fees was that the work performed related to issues peculiar to bankruptcy law. The Supreme Court found that there was no basis in the Bankruptcy Code for barring post-petition attorneys' fees on this ground.[1] <u>Travelers</u>, 127 S.Ct. at 1205. However, it declined to rule on the debtor's contention that no post-petition fees could be included in an unsecured creditor's claim because the

---

[1]None of the fees in <u>Travelers</u> were requested for work performed litigating issues of state law. <u>See</u> <u>Travelers</u>, 127 S.Ct. at 1202-03.

3

debtor had failed to make this argument to the lower courts or in opposition to the creditor's petition for certiorari.

On April 3, 2007, Burlingame filed a supplemental brief asking whether the Court wished further briefing on the effect of <u>Travelers</u> on its motion for post-petition fees. On April 6, 2007, the Court issued an order setting a briefing schedule and indicating that no hearing would be scheduled unless the Court concluded, after reading the papers, that a hearing was necessary. The Court has concluded that no hearing is required.

**B. DISCUSSION**

**1. Introduction**

Burlingame contends that existing Ninth Circuit law, other than <u>Fobian</u>, recognizes an unsecured creditor's right to include post-petition attorneys' fees in its unsecured claim to the extent they are provided for by contract or nonbankruptcy statute. It further notes that all of the other Circuits that have addressed this issue have reached the same conclusion. It argues that the various provisions of the Bankruptcy Code compel this conclusion. It notes that 11 U.S.C. § 502(b) provides that a creditor's claim shall be allowed unless one of nine enumerated exceptions applies. None of the nine enumerated exceptions refers to post-petition attorneys' fees.

In response, the Koellings rely on the theory advanced by the debtor in <u>Travelers</u>, which the Supreme Court declined to address given the debtor's failure to raise it earlier: i.e., that 11 U.S.C. § 506(b) implicitly provides for the disallowance of unsecured claims

4

for post-petition attorneys' fees.  Burlingame contends that this is not a fair reading of 11 U.S.C. § 506(b).

## 2. Analysis

### A.  Is It a Claim?

In its argument, Burlingame assumes without discussion that its post-petition attorneys' fees qualify as a "claim" against the bankruptcy estate.   The definition of "claim" is very broad and includes "contingent" claims.  <u>See</u> 11 U.S.C. § 101(5).  Black's Law Dictionary defines a "contingent liability" as "a liability that will occur only if a specific event happens; a liability that depends on the occurrence of a future and uncertain event."   Black's Law Dictionary 926 (7th ed. 1999), as cited in <u>In re ML & Assocs., Inc.</u>, 2003 WL 23742550, *2 (Bankr. N.D. Tex.).

Arguably, the definition of "contingent liability" cited above may be read to require that the specific event triggering the contingent claim be outside the claimant's control.  Incurring post-petition attorneys' fees is not outside a creditor's control.  The need to incur the fees may be triggered by conduct of the debtor or some other third party but the creditor could choose to do nothing.  However, the Court has been unable to find any authority to support this reading of "contingent liability."[2]

---

[2]<u>But see</u> <u>In re Esgro Inc.</u>, 645 F.2d 794, 798 (9th Cir. 1981) and <u>In re THC Fin. Corp.</u>, 686 F.2d 799, 803 (9th Cir. 1982), Bankruptcy Act cases holding that a contingent claim outside the creditor's control is too uncertain to value and is thus not "provable": i.e., in Bankruptcy Act terminology, allowable against the bankruptcy estate.

5

Moreover, as discussed below, there is case authority decided under the Bankruptcy Act, authorizing the inclusion of post-petition attorneys' fees in a creditor's unsecured claim. The Bankruptcy Act, as amended by the Chandler Act in 1938, also included contingent claims within its definition of "claim."[3] If this was error, one would have expected Congress to clarify the meaning of "contingent" when it enacted the Bankruptcy Code. Therefore, the Court holds that Burlingame's post-petition attorneys' fees do qualify as a "claim" under 11 U.S.C. § 101(5).

**B. Is Claim Subject to Disallowance?**

As Burlingame notes, 11 U.S.C. § 502(b) provides that, with exceptions not relevant here, if an objection is made to a claim, the claim shall be allowed, except to the extent that the claim falls into one of nine categories. 11 U.S.C. § 502(b). The only category that arguably supports the disallowance of an unsecured claim for post-petition attorneys' fees is 11 U.S.C. § 502(b)(1): i.e., that "such claim is unenforceable against property of the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured...." 11 U.S.C. § 502(b)(1).

The debtor contends that this category applies to post-petition attorneys' fees because 11 U.S.C. § 506(b) renders the claim for post-petition attorneys' fees unenforceable against the debtor and

---

[3]See Chandler Act, ch. 575, § 63(a)(8), 52 Stat. 840, 873 (1938)(adding contingent claims to the list of provable claims in § 63 of the Bankruptcy Act).

6

property of the debtor.  Section 502(b)(1) refers to "applicable law," not "applicable nonbankruptcy law."  Thus, Section 506(b) qualifies as "applicable law."  Section 506(b) provides as follows:

> (b) To the extent that an allowed secured claim is secured by property, the value of which is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and reasonable fees, costs or charges provided for under which such claim arose.

Thus, according to the debtor, by providing that a secured claim shall be allowed reasonable fees to the extent the claim is secured by property, the Bankruptcy Code is implicitly saying that fees are not available to an unsecured creditor.

The Court finds this reading of 11 U.S.C. §§ 502(b) and 506(b) too strained to be persuasive.  First, 11 U.S.C. § 506 is entitled "Determination of Secured Status."  A statute so entitled would not be a logical place to provide for the disallowance of an element of an unsecured claim.  If Congress, in enacting the Bankruptcy Code, had wanted to disallow claims for post-petition attorneys' fees, the logical place for it to have done so was surely in 11 U.S.C. § 502(b).[4]  Moreover, 11 U.S.C. § 506(b) does not distinguish between pre-petition and post-petition attorneys' fees.  Thus, if 11 U.S.C. § 506(b) is read as an additional ground for objecting to claims, arguably, an unsecured creditor would be prohibited from including

---

[4]See 11 U.S.C. § 502(b)(2)(disallowing claims for post-petition interest).

7

its pre-petition attorneys' fees in its claim as well as its post-petition fees.[5]

The Court has been unable to find any Court of Appeals decided under the Bankruptcy Code, in either in this Circuit or any other, that directly addresses this issue.[6] The Ninth Circuit cases cited by Burlingame are for the most part inapposite. They are either nondischargeability cases, cases where the estate was requesting fees, or cases where the Fobian distinction was at issue. However, the cases establishing the estate's right to attorneys' fees as the prevailing party in post-petition litigation--e.g., In re Eastview Estates II, 713 F.2d 443, 451-52 (9th Cir. 1983)--provide an additional equitable rationale supporting the Court's conclusion. It would seem highly inequitable to permit the estate to recover fees incurred in post-petition with a creditor while at the same time denying the creditor the right even to include its post-petition fees in its unsecured claim.

The Court has identified one Bankruptcy Act case decided by the Second Circuit case that addresses this issue: i.e., United Merchants & Manufacturers, Inc. v. Equitable Life Assurance, 674 F.2d 134, 137-

_____

[5]But see Rake v. Wade, 508 U.S. 464, 468 (1993) and United States v. Ron Pair Enterp., Inc., 489 U.S. 235, 240 (1989), which appear to construe similar language in 11 U.S.C. § 506(b) regarding interest to apply only to post-petition interest.

[6]The Court views In re Welzel, 275 F.3d 1308 (11th Cir. 2001) as inapposite. In that case, the creditor was fully secured. However, some of the fees sought were deemed not reasonable as required by 11 U.S.C. § 506(b). The Welzel court allowed the reasonable fees as part of the creditor's secured claim and the unreasonable fees as a general, unsecured claim. Id. at 1313-20.

8

38 (2d. Cir. 1982)(Bankruptcy Act).  In United Merchants, the lower court had allowed the unsecured creditor's contractual claims for "collection costs" but only to the extent the litigation was conducted outside the bankruptcy court.  On appeal, the Second Circuit removed this limitation.  It rejected the argument that it was unfair to give a creditor with a contractual attorneys' fee clause a greater claim than unsecured creditors without a basis for fees.  Id. at 143-44.  The only basis for distinguishing United Merchants is that it was decided under the Bankruptcy Act, which did not have an express provision comparable to 11 U.S.C. § 506(b).  The Court finds this distinction without significance.[7]

The strongest rationale for implying a prohibition on the inclusion of post-petition attorneys' fees in a unsecured creditor's pre-petition claim is that, unless the debtor is solvent, the unsecured creditor's augmented claim will diminish the dividend to other unsecured creditors.  However, a similar effect flows from allowing secured creditors to include their post-petition attorneys' fees in their secured claims.  While equality of distribution is one of the basic tenets of bankruptcy law, another important policy in bankruptcy is the preservation of nonbankruptcy legal rights except to the extent necessary to facilitate the purpose of the bankruptcy

---

[7]The Bankruptcy Code had been enacted by the time this case came up on appeal.  The argument was made that, by enacting 11 U.S.C. § 506(b), Congress had intended to codify a rule applicable also under the Bankruptcy Act, prohibiting the award of post-petition fees to unsecured creditors.  The United Merchants court rejected this theory, concluding that 11 U.S.C. § 506(b) was only intended to address the rights of secured creditors to post-petition fees.  Id. at 138.

9

proceeding. Absent a clear provision of the Bankruptcy Code modifying a creditor's nonbankruptcy legal rights, the Court concludes that those rights should be deemed to be left intact.

### CONCLUSION

The Court concludes that Burlingame is entitled to include all its reasonable post-petition fees in its unsecured claim against the debtors. Burlingame is directed to file an amended motion for fees within 60 days from the date of this decision, segregating by task the work done on bankruptcy related issues and and providing the additional detail describing the work done as previously provided for the nonbankruptcy litigation. The debtors will be given 30 days from the date of service of the amended motion to file an objection to the fees as unreasonable in amount. Burlingame will be given 15 days from the date of service of the opposition to reply and alert the judge's law clerk when the matter is fully briefed.

END OF DOCUMENT

10

COURT SERVICE LIST

Chris D. Kuhner
Kornfield, Paul & Nyberg, P.C.
1999 Harrison St., Ste. 2675
Oakland, CA 94612

Paul E. Manasian
Manasian & Rougeau, LLP
400 Montgomery St., Ste. 1000
San Francisco, CA 94104

Robert R. Moore
Allen Matkins Leck Gamble & Mallory LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

11